APPEAL OF BLOCK STREET WHARF & WAREHOUSE CO.

Docket No. 2377.   Submitted April 23, 1925.   Decided June 29, 1925.

Upon the evidence, *held*, that the taxpayer was not affiliated with the Corporate Financing Co.

*William Ewin Bonn, Esq.*, and *Bernard R. Youngman, Esq.*, for the taxpayer.
*Percy S. Crewe, Esq.*, for the Commissioner.

Before IVINS and MORRIS.

This is an appeal from a determination by the Commissioner of deficiencies in income and profits taxes as follows:

| | |
|---|---|
| For 1918 | $1,663.04 |
| For 1919 | 697.50 |
| For 1920 | 2,774.62 |
| Total | 5,135.16 |

The sole question involved is whether the taxpayer was affiliated with the Corporate Financing Co.

FINDINGS OF FACT.

The Corporate Financing Co. was incorporated early in 1917 for the purposes of financing, underwriting, etc., in various enterprises in which the stockholders were in the habit of investing or speculating as individuals or as a syndicate. Near the end of 1917 the Corporate Financing Co. bought the Block Street Wharf property in Baltimore, at auction. It was later agreed among the stockholders of the Corporate Financing Co. that J. Monroe Holland should be

allowed to take over half of this investment, and that the Corporate Financing Co. would retain the other half, but that the Corporate Financing Co. should always have control of the new corporation to be formed to operate the wharf property. In December, 1917, the Block Street Wharf & Warehouse Co. (the taxpayer) was incorporated with $200,000 of common stock and $50,000 of preferred stock authorized. On January 3, 1918, the authorized preferred stock was increased to $100,000. On July 1, 1918, the voting power, theretofore vested in the common and preferred stock equally, was taken away from the preferred stock. The stock in the Corporate Financing Co. and in the taxpayer was held as follows:

| | Corporate Financing Co. | Block Street Wharf. |
|---|---|---|
| | Per cent. | Per cent. |
| J. Monroe Holland | 26 | 0 |
| Walter A. Frey | 22 | 0 |
| Elmore B. Jeffrey | 30 | 0 |
| Chas. J. Bolgiano | 22 | 0 |
| Corporate Financing Co | | 50 |
| Holland Manufacturing Co | | 50 |
| Total | 100 | 100 |

The Holland Manufacturing Co. was a partnership, consisting of J. Monroe Holland and his brother, Franklin Holland, who were equally interested. The interest in the taxpayer, which was agreed by the Corporate Financing Co. to be turned over to J. Monroe Holland, was actually turned over to this partnership. At all stockholders' meetings all the common stock of the taxpayer was voted by J. Monroe Holland. J. Monroe Holland was president of the Corporate Financing Co. and treasurer of the taxpayer. Franklin Holland was president of the taxpayer. At a meeting of the stockholders of the taxpayer on December 30, 1918, it was agreed that the salaries of its officers should be paid in preferred stock instead of in cash. The directors of the taxpayer consisted of J. Monroe Holland, W. A. Frey, E. B. Jeffrey, C. J. Bolgiano, W. E. Bonn, and Franklin Holland. The directors of the Corporate Financing Co. included J. Monroe Holland, W. A. Frey, E. B. Jeffrey, C. J. Bolgiano, and W. E. Bonn, but not Franklin Holland. Whether there were other directors of the Corporate Financing Co. does not appear.

The business of the taxpayer was conducted at the wharf, except that its executive offices were at the office of the Corporate Financing Co. in the Munsey Building, where J. Monroe Holland kept its books. The Corporate Financing Co. made no charge against the taxpayer

for rent or clerical services. It does not appear affirmatively that it furnished any clerical services or any quarters for which rent could be charged, except those occupied by J. Monroe Holland in his regular position as president of the Corporate Financing Co. and except for the storage of the books of the taxpayer.

There was no evidence of any intercorporate transactions of any kind between the two corporations. The businesses of the two corporations were entirely dissimilar.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

IVINS: Counsel for the taxpayer base their entire claim upon the proposition that the Corporate Financing Co. through its ownership and the ownership and control of J. Monroe Holland, its president, controlled all the stock of the taxpayer, their theory being that the president of the Corporate Financing Co. was necessarily a closely affiliated interest within the meaning of the language of section 240 (b) of the Revenue Act of 1918. Their contentions are that here is a so-called " Class A" affiliation, the parent company controlling substantially all the stock of the subsidiary. But whether or not J. Monroe Holland is a " closely affiliated interest " with the Corporate Financing Co., there is no evidence that the Corporate Financing Co. controlled him, or his stock, or the stock owned by the partnership in which he was an equal partner with his brother. If anything, the evidence tends to show that Holland controlled the stock owned by the Corporate Financing Co. He always voted it; the evidence shows that he was allowed to run the taxpayer without interference on the part of the Corporate Financing Co. or on the part of his brother. A tail does not necessarily control a dog because closely affiliated with it. If the taxpayer's theory were correct, the fact that Holland was president of the Corporate Financing Co. would put the Corporate Financing Co. in control of the taxpayer, even if the Corporate Financing Co. held only 3 per cent of the stock of the taxpayer and Holland held the other 97. It is easy to conceive many absurdities which would result from a holding in consonance with the taxpayer's reasoning.

Can the two corporations be deemed to constitute a " Class B " affiliation—one where substantially all the stock of both corporations was controlled by the same interests? Taking the tabulation of stock ownership given in the findings and redistributing it so as to attribute

to every individual his equitable as well as his direct ownership in each corporaton, we have the following table of holdings:

|  | Cor-porate Financ-ing Co. | Block Street Wharf. |
|---|---|---|
|  | *Per cent.* | *Per cent.* |
| J. Monroe Holland | 26 | 38 |
| Walter A. Frey | 22 | 11 |
| Elmer B. Jeffrey | 30 | 15 |
| Charles J. Bolgiano | 22 | 11 |
| Franklin Holland | 0 | 25 |
| Total | 100 | 100 |

The holdings are so out of balance that we are unable to rule that the stock of the two companies is controlled by the same interests. If there were intercorporate transactions with arbitrary assignment of profits or of capital between the two companies, there might be a basis for holding that, although the stock ownership varied, the management of the business indicated that the interests of all the stockholders were uniform. But here we have two corporations which have no business relations with each other, which in no sense constitute an economic unit and which can only be affiliated upon the theory that their stockholders are substantially identical. We think that there is too great a divergence in the stockholdings to permit of such a conclusion.